**Floyd O. BOLES et al., Appellants,**

v.

**Felix W. STONEHOCKER, Appellee.**

No. 5053.

Court of Civil Appeals of Texas.

El Paso.

Dec. 1, 1954.

Rehearing Denied Dec. 29, 1954.

Perkins & Bezoni, Midland, for apellants.

Irby L. Dyer and Turpin, Kerr & Smith, Midland, for appellee.

McGILL, Justice.

This was a suit on a promissory note for $12,000 and for foreclosure of a deed of trust lien securing the same. The note and deed of trust were executed in connection with a building contract between the parties, entered into on November 25, 1947. Appellee was plaintiff and appellants and numerous other parties were defendants in the trial court. Trial to the court without a jury resulted in judgment for plaintiff for the amount of the note and for foreclosure of the deed of trust lien.

The suit grew out of a contract entered into between plaintiff and defendants Boles, whereby plaintiff as the contractor agreed with defendants Boles, the owners, to construct certain apartment buildings and duplexes upon portions of Crestlawn Addition to the city of Midland, Texas, the property upon which the buildings were to be constructed being owned by the Boles. Payment for the construction was to be made upon a cost plus basis, the owners agreeing to pay the contractor 10% of the actual cost as his fee. Section 6 of the contract provided:

"* * * it is also understood that the owner shall have the right of examination of all bills for labor and material used in the said construction, and duplicate invoices shall be obtained of all materials and labor furnished on the said job and a copy of each such invoice shall be furnished to the said Floyd O. Boles each week and on Monday of each week during the construction. * * *"

The note and deed of trust in suit were executed by the Boles on December 19, 1947. On December 23, 1947, plaintiff and defendant Floyd O. Boles entered into an agreement which referred to the building contract and the note and deed of trust which were given to secure plaintiff in payment of any possible cost above $70,000 which the Vanita Apartments, one of the buildings to be constructed, might cost. The agreement provided that in the event said Vanita Apartments were constructed at a cost in excess of $70,000 and such excess was not paid by Boles within thirty days after completion of said Vanita Apartments, the note and deed of trust should be delivered by an escrow agent to plaintiff Stonehocker and be in full force and effect,

but if such cost should not exceed $70,000 or if the excess should be paid by Boles, then the note and deed of trust should be returned by the escrow agent to Floyd O. Boles. This agreement did not name any escrow agent and no such agent is a party thereto, nor is there in the record any agreement by an escrow agent. However, both parties proceed on the theory that the First National Bank of Midland was the escrow agent.

It is appellants' contention that there has been no valid delivery of the note and deed of trust to plaintiff by the escrow agent and therefore such instruments have never become effective. The evidence is uncontroverted that the Vanita Apartments were completed and accepted by Boles on December 6, 1948; that the cost thereof exceeded $70,000, and that some of this excess cost remained unpaid for thirty days after the completion of the apartment. These were the conditions of the escrow, and when they occurred plaintiff was entitled to delivery of the note and deed of trust. This is when he contends that the delivery occurred, not when he obtained temporary possession of the deed of trust for the purpose of having it recorded. That the instruments became effective upon fulfillment of the escrow conditions seems elementary. See 17 Tex.Jur. p. 92, Sec. 5. The undisputed evidence showing that the conditions of the escrow had been fulfilled long before the note and deed of trust were delivered to plaintiff, there is no merit whatever in appellants' contention that these instruments were ineffective for lack of delivery.

The provision of paragraph 6 of the contract which required plaintiff to furnish Boles with duplicate invoices form no part of the escrow agreement, and was not a condition thereof. This provision could in no way affect the delivery of the instruments by the escrow agent to the plaintiff. We overrule appellants contention that the note and deed of trust were ineffective for lack of delivery.

The only other point urged by appellants is that there is no pleading to support the judgment for $1,826.55 for an unsecured debt in favor of plaintiff. The pleading was ample to support this item as being included in the total amount sued for, but the proof failed to show that this item was secured. Plaintiff's pleading clearly revealed a claim based on the building contract as well as the note and deed of trust. This item of $1,826.55 was based on the commitments procured by plaintiff under the building contract, but was not secured by the note and deed of trust.

All of appellants' points are overruled, and the judgment is affirmed.

HAMILTON, C. J., not participating.